UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMIE HENSON and DANA SAUNDERS, on Behalf of Themselves and on Behalf of All Others Similarly Situated | § § § § | CIVIL ACTION NO. 5:20-cv-00158 |
| Plaintiff, | § § | |
| V. | § § | |
| STEVENS TANKER DIVISION, LLC and STEVENS TRANSPORT, INC., | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

PLAINTIFFS' ORIGINAL COMPLAINT
COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND

1.      Defendants Stevens Tanker Division, LLC and Stevens Transport, Inc. ("Defendants") required Plaintiffs Jamie Henson and Dana Saunders ("Plaintiffs") to work more than forty hours in a workweek without overtime pay.  Unfortunately, Defendants misclassified Plaintiffs as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and denied them pay at the rate of time and one half their regular rates of pay when they worked more than 40 hours in a workweek.   In addition to the Plaintiffs, Defendants have misclassified hundreds of other workers as exempt from overtime.

2.      Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).   On behalf of himself and all other similarly situated employees, Plaintiffs bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "FLSA Class Members."

1

3.     Additionally, on or about October 15, 2019, Defendants fired approximately 500 workers without sixty (60) days of advance notice.  Accordingly, this is a civil action for the collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq*., (the "WARN Act").  Plaintiffs were employees of Defendants until they were terminated as part of, or as result of a mass layoff or plant closing ordered by Defendants without the required statutory notification.  As such, Defendants are liable under the WARN Act for the failure to provide the Plaintiffs and all other similarly situated former employees (the "WARN Class Members") at least 60 days of advance written notice of termination, as required by the WARN Act.

## SUBJECT MATTER JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

6.     Defendant regularly operates in this district and the Plaintiffs worked in this district, worked overtime in this district, and were denied pay in this district.

7.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because Defendants' violation of the WARN Act occurred in this district.

## PARTIES AND PERSONAL JURISDICTION

8.     Plaintiff Jamie Henson is an individual residing in Logan County, Arkansas. Plaintiff Henson was previously employed in Defendants' facility located in Stockdale, Texas and was terminated on or about October 15, 2019.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

9.      Plaintiff Dana Saunders is an individual residing in Glenn Heights, Texas. Plaintiff Saunders was previously employed in Defendants' facility located in Mesquite, Texas and was terminated on or about October 15, 2019.  Plaintiff's written consent to this action is attached hereto as Exhibit "B."

10.     The "FLSA Class Members" are all current and former dispatchers and coordinators paid a salary without overtime pay at any time during the three-year period before the filing of this Complaint.

11.     The "WARN Class Members" are all employees terminated by Defendants on or about October 15, 2019 without 60 days advance notice.

12.     The FLSA Class Members and the WARN Class Members shall be collectively referred to as "Class Members."

13.     Defendant Stevens Tanker Division, LLC is a domestic limited liability company. Said Defendant may be served process through its registered agent Steven Aaron at 9757 Military Parkway, Dallas, TX 75227, or wherever he may be found.

14.     Defendant Stevens Transport, Inc. is a domestic corporation. Said Defendant may be served process through its registered agent Steven Aaron at 9757 Military Parkway, Dallas, TX 75227, or wherever he may be found.

## COVERAGE

15.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

16.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

17.     At all material times, Defendants have been an enterprise or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.     Furthermore, Defendants have an annual gross business volume of not less than $500,000.

19.     At all material times, Plaintiffs and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

20.     Defendants are joint employers and operate as a single enterprise.  Defendants shared the ability to directly and immediately control the essential terms and conditions of employment, such as hiring, firing, discipline, and supervision.  Defendants jointly exercised managerial responsibility and substantial control over the Plaintiffs and Class Members. Defendants jointly controlled the terns and conditions of employment, work schedules, and set and determined the rates of pay for the Plaintiffs and Class Members.  They also were jointly responsible for making the decision to deny the Plaintiffs and FLSA Class Members overtime wages and to terminate the Plaintiffs and WARN Class Members without the required 60 days notice.

21.     Moreover, Defendants share some of the same officers and directors.  They also share the same corporate office and have the same accounting and payroll operations. Additionally, they share control over hiring, firing, payroll, and overhead decisions.  Moreover, the operations of the companies are inter-mingled.  That is, they employ the same workers and have the same business purpose - to operate a transportation business for the oil and gas industry.

4

22.     Furthermore, Defendants represent themselves to the general public as one company. They have a common management, pool their resources, and have common ownership.  Defendants advertised together on the same website, provides the same array of services to their customers, and use the same business model.

23.     Based upon these facts, at all material times, Defendants have also operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc*., 23 F.3d 110, 113 (5th Cir. 1994).  Additionally, based upon these facts, Defendants are joint employers and are jointly and severally liable for all wage and hour compliance, including payment of overtime and minimum wage compensation for all hours worked during the workweek. *See* 29 C.F.R. § 791.2(a); *Schultz v. Capital International Security, Inc*., 466 F.3d 298, 306 (4th Cir. 2006).

24.     At all times material to this action, Defendants were "an employer" within the meaning of the WARN Act.  29 U.S.C. § 2101(a)(1).

25.     Prior to the mass layoff or plant closing that forms the basis of this action, Defendants employed more than 100 employees, exclusive of part-time employees.

26.     Prior to the mass layoff or plant closing that forms the basis of this action, Defendants employed 100 or more employees who in the aggregate worked at least 4,000 hours a week, exclusive of overtime hours, within the United States.

27.     Upon information and belief Defendants had authority to terminate employees at the single site of employment.

28.     At all relevant times, Plaintiffs and the WARN Class Members were "employees" of Defendants as that term is used in 29 U.S.C. § 2101.

## FACTUAL ALLEGATIONS

29.     Defendants operated an oilfield services company that transported sand to various oil wells.

30.     Defendants operated throughout the Southwest region of the US, including in Texas, Louisiana, and New Mexico.

31.     Plaintiff Henson worked for Defendants as a sand coordinator.  Plaintiff Henson's duties included checking, inspecting, and directing incoming trucks where to park when they arrived at Defendants' facility.  Plaintiff Henson worked for Defendants from June 2018 to October 15, 2019.

32.     Plaintiff Henson was classified as exempt from overtime and thus was not paid overtime at the rate of time and one half his regular rate of pay when he worked more than 40 hours in a workweek.

33.     Plaintiff Saunders worked for Defendants as a dispatcher.  Plaintiff Saunders' duties included directing trucks where to travel and providing them their routes.  Plaintiff Saunders worked for Defendants from September 2017 to October 15, 2019.

34.     Plaintiff Saunders was classified as exempt from overtime and thus was not paid overtime at the rate of time and one half her regular rate of pay when she worked more than 40 hours in a workweek.

35.     Plaintiffs regularly worked more than 40 hours in a week.  In fact, Defendants scheduled Plaintiffs to work at least 10 hours each day during the majority of the days that they worked for the Defendants.  Plaintiffs were, at times, scheduled to work on weekends in addition

to Monday through Friday.  As a result, Plaintiffs frequently worked in excess of 40 hours per week.

36.     Additionally, the FLSA Class Members performed similar duties as the Plaintiffs.

37.     The FLSA Class Members also regularly worked more than 40 hours in a workweek for Defendants.

38.     The FLSA Class Members also were classified as exempt from overtime and were not paid at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

39.     Defendants paid Plaintiffs a salary.

40.     Defendants also paid the FLSA Class Members a salary.

41.     Plaintiffs and the FLSA Class Members were not paid any overtime wages.

42.     Plaintiffs and the FLSA Class Members were not exempt under the FLSA.

43.     The primary duty of Plaintiffs and the FLSA Class Members was not to supervise other employees or manage a customarily recognized department of Defendants' company.

44.     Plaintiffs and the FLSA Class Members had no authority to hire or fire other employees.

45.     Plaintiffs and the FLSA Class Members directed trucks to specific locations, but did not supervise other employees or manage a customarily recognized department of Defendants.

46.     Plaintiffs and the FLSA Class Members had no authority or input regarding promoting or demoting other employees.

47.     Plaintiffs and the FLSA Class Members were field employees, not office employees.

48.     Plaintiffs and the FLSA Class Members were required to follow the directions of the employees giving them assignments.

49.     Plaintiffs and the FLSA Class Members were not computer-systems analysts, computer programmers, software engineers, or other similar employees.

50.     Plaintiffs and the FLSA Class Members were not office or "white collar" employees.  They performed manual labor work related to Defendants' core business—i.e., transportation and hauling services for oil wells—not the management of Defendants' operations.

51.     The primary duty of Plaintiffs and the FLSA Class Members did not require independent judgment and discretion with respect to matters of significance.

52.     The primary duty of Plaintiffs and the FLSA Class Members related directly to the service that Defendants offered, not the management of the company's operations.

53.     Despite these facts, Defendants classified the Plaintiffs and the FLSA Class Members as exempt from overtime pay.

54.     Defendants knew or showed reckless disregard for whether Plaintiffs and the FLSA Class Members were entitled to overtime pay under the law.  In particular, Defendants operate a large, sophisticated company that knew about the requirement to pay overtime pay. The failure on Defendants' part to pay overtime was intentional or a reckless disregard for the law.

55.     Additionally, Defendants operated their Stockdale Terminal and Mesquite locations with approximately 500 employees.  Upon information and belief, over 350 employees worked at the Stockdale Terminal, including Plaintiff Henson.  Upon information and belief, over 100 employees worked at the Mesquite location, including Plaintiff Saunders.   On or about

8

September 25, 2019, Plaintiffs and the WARN Class Members were notified of their termination to be effective October 15, 2019.

56.     As a result, over 500 employees were terminated without cause and without 60 days notice on October 15, 2019. (*See* https://www.freightwaves.com/news/stevens-tanker-division-closes-and-eliminates-586-jobs-across-texas, last visited February 7, 2020).

57.     The executive vice president for Defendants stated as follows:

"It is with deep regret that I must notify you that Stevens Tanker Division will cease all operations on October 15, 2019. This will be a permanent closure of all Stevens Tanker Division business at all locations and in all divisions"

*Id*.

58.     This mass termination of workers at one time qualifies as a plant closing and/or mass layoff under the WARN Act.

59.     The WARN Act required Defendant to give Plaintiff and WARN Class Members at least 60 days advance written notice prior to their terminations.

60.     The Plaintiffs and WARN Class Members were given approximately 20 days advance notice prior to their termination.

61.     The Plaintiffs and the WARN Class Members also did not receive all pay owed, including back pay and benefits.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

62.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

63.     Defendants' practice of failing to pay Plaintiffs and the FLSA Class Members time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

64.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendants or Plaintiffs/FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS FOR COUNT ONE

65.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

66.     As part of their regular business practices, Defendants have engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

67.     Plaintiffs have actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendants' misclassification of their employees.

68.     Plaintiffs' knowledge is based on their personal work experience and through communications with other workers of Defendants.  Plaintiffs personally worked with other employees who were also classified as exempt from overtime.

69.     Other workers similarly situated to the Plaintiffs worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

70.     Although Defendants permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendants denied them full compensation for their hours worked over forty (40).

71.     FLSA Class Members perform or have performed the same or similar work as Plaintiffs and were not paid overtime by Defendants.

72.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

73.     As such, FLSA Class Members are similar to Plaintiffs in terms of relevant job duties, pay structure, and the denial of overtime pay.

74.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

75.     The experiences of Plaintiffs, with respect to her pay, hours, and duties are typical of the experiences of the FLSA Class Members.

76.     The specific job titles or precise job responsibilities of each FLA Class Member do not prevent collective treatment.

77.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

78.     Although the exact amount of damages may vary among the FLA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLA Class Members.

79.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All current and former dispatchers and coordinators paid a salary without overtime pay at any time during the three-year period before the filing of this Complaint.**

**COUNT TWO: VIOLATIONS OF THE UNITED STATES WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (CLASS ACTION)**

80.     Plaintiffs incorporate by reference all the allegations set forth above.

81.     At all times material to this action, Plaintiffs and the WARN Class Members have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101, *et seq.*

82.     The WARN Act regulates the notice period an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs.  The WARN Act also regulates the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

83.     Defendants are subject to the notice and back pay requirements of the WARN Act because they are business enterprises that employ 100 or more employees.  29 U.S.C. § 2101(1)(A).

84.     Defendants willfully violated the WARN Act by failing to provide the required notice.

85.     None of the exemptions found in 29 U.S.C. § 2103 apply to Defendants. Accordingly, Plaintiffs and WARN Class Members were entitled to receive the statutory notice and because they did not, they are entitled to the back pay and associated benefits the WARN Act guarantees.  29 U.S.C. § 2104(a).

86.     With respect to the allegations herein, Defendants have not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the Act.

87.     As a result of Defendants' violation of the WARN Act, each WARN Class Member is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions bonuses and accrued pay for holiday, vacation and personal days from the work days in the sixty calendar days prior to their respective terminations and pension, 401(k) contributions, COBRA benefits, and all other fringe benefits for sixty calendar days prior to their

respective terminations; and (b) his/her medical expenses incurred during the sixty-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

88.     The Defendants failed to pay Plaintiffs and the WARN Class Members for the violation of the WARN Act in an amount equal to the sum of or any part of the sum (a) his/her respective wages, salaries, commissions bonuses and accrued pay for holiday, vacation and personal days from the work days in the sixty calendar days prior to their respective terminations and pension, 401(k) contributions, COBRA benefits, and all other fringe benefits for sixty calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the sixty-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

## CLASS ACTION ALLEGATIONS FOR COUNT TWO

89.     Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

90.     Plaintiffs bring this action on behalf of themselves and the WARN Class Members.

91.     Plaintiffs seek to represent a WARN Class defined as follows:

> **All employees terminated by Defendants on or about October 15, 2019 without 60 days advance notice.**

92.     Plaintiffs and WARN Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act. 29 U.S.C. § 2101(a)(5) and (6).

93.     Plaintiffs' claim satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

94.     The members of the class exceed 50 in number rendering joinder impracticable. The precise number of the WARN Class Members and their addresses are readily available from the records of Defendants.

95.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members.  These questions of law and fact common to the class arising from Defendants' actions include, but are not limited to, the following:

      a.   Whether the provisions of the WARN Act apply;

      b.   Whether Defendants' terminations constitute a "plant closing" and/or a "mass layoff" under the WARN Act;

      c.   Whether Defendants failed to provide the notices required by 29 U.S.C. § 2102(b); and

      d.   The appropriate formula to measure damages under 29 U.S.C. § 2104(a).

96.     The questions listed above predominate over any questions affecting Plaintiffs individually or any WARN Class Member in his or her individual capacity.

97.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds that are generally applicable to the class as a whole.

98.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for other businesses, and substantially impede or impair the ability of the WARN Class Members to protect their interests.

99.     Plaintiffs are affected employees who were terminated by Defendants during the time period applicable to the rest of the class without the notice required by the WARN Act. They are proper members of the WARN Class.  Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class and collective action litigation.  Accordingly, Plaintiffs are adequate representatives of the class and have the same interest as all of its members.

100.    Plaintiffs' claims are typical of the claims of all members of the class and Plaintiffs will fairly and adequately protect the interests of the absent members of the class.

101.    Furthermore, class action treatment of this action is authorized and appropriate under the WARN Act which provides, by its terms, that a plaintiff seeking to enforce liabilities under the Act may do so on his own behalf and on behalf of other individuals similarly situated. 29 U.S.C. § 2104(a)(5).

## DAMAGES SOUGHT

102.    The Plaintiffs and FLSA Class Members are entitled to recover their unpaid overtime compensation and liquidated damages.

103.    The Plaintiffs and WARN Class Members are entitled to recover back pay, wages, salaries, commissions, bonuses, accrued holiday pay, pensions, 401(k) contributions, employee benefits under ERISA, medical expenses, and accrued vacation pay for 60 days.

104.    The Plaintiffs and Class Members are entitled to recover their attorney's fees, costs, and interest.

## JURY DEMAND

105.     The Plaintiffs and all Class Members hereby demand trial by jury on all issues.

## **PRAYER**

106.    For these reasons, Plaintiffs and all Class Members respectfully request that

judgment be entered in their favor awarding the following relief:

a. An order designating the FLSA Class as a collective action and authorizing notice
   pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members to permit them join
   this action by filing a written notice of consent;

b. A judgment against Defendants awarding Plaintifff and the FLSA Class Members
   all their unpaid overtime compensation and liquidated damages;

c. An order awarding attorneys' fees, costs, and expenses as allowed under the
   FLSA;

d. An order certifying that this action may be maintained as a class action under
   Federal Rule of Civil Procedure 23;

e. Compensatory damages in an amount equal to at least the amounts provided in 29
   U.S.C. § 2104(a);

f. Reasonable attorneys' fees and costs as allowed by 29 U.S.C. § 2104(a)(6);

g. Pre- and post-judgment interest at the highest applicable rates; and

h. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:   /s/ Don J. Foty
      Don J. Foty
      dfoty@hftrialfirm.com
      Texas State Bar No. 24050022
      4409 Montrose Blvd, Ste. 200
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116

Attorneys for Plaintiffs and Class Members